GREEN J.
delivered the opinion of the court.
The prisoner in this case is a free man of color. He was indicted in the circuit court of Wilson County for the murder of Stephen, a slave of M. A. Price, and was convicted of murder in the second degree, and sentenced to ten years imprisonment in the Penitentiary; from which judgment he appealed to this court.
*201 In the part of his honor’s charge to the jury, in which he treats of the question of self-defence — he says, “This brings us to the inquiry whether at the time the prisoner shot and killed the deceased, he had reasonable evidence to believe the deceased would kill him or do him such great bodily harm which might probably endanger his life.” Treating of manslaughter, his Honor says, “If the jury should believe that the deceased was advancing upon the prisoner with a stick, threatening to beat him, and such assault excited in the prisoner a sudden burst of passion, and for the time being, dethroned his reason, and he shot, and killed in this whirlwind of passion, it would be manslaughter.”
We are of opinion, his Honor stated both these propositions too strongly against the prisoner.
In the first place, the court ruled, that, in order to excuse the killing, the prisoner must have had reasonable ground to believe, that the deceased would kill him, or do him such great bodily harm, which might probably endanger his life.” And to place it beyond all doubt, that the court meant to impress the concluding sentence in this quotation upon the jury, as an indispensable ingredient in the definition of excusable homicide in self-defence, his Honor repeats the language, or the idea, several times, in the charge to the jury.
The principle as laid down in all the books, is thus stated by Roscoe: (Crim. Ev. 639,) “whether a person who is assaulted by another will be justified in using, in the first instance, such violence in his resistance as will produce death, must depend upon the nature of the assault, and the circumstances under which it was committed. It may be of such a character that the party assailed may reasonably apprehend death, or great violence to his person.” 1 East P. C. 243, Foster 296.
We think the court in this case, has stated the principle more strongly than the authorities warrant.
*202 2. In the second extract, in reference to manslaughter, his Honor seems to us, to speak of the “dethronement of reason,” and the “whirlwind of passion,” in a way calculated to mislead. The books say, “Whenever death ensues from sudden transport of passion, or heat of blood, if upon reasonable provocation, and without malice, or upon sudden combat, it will be manslaughter.” East P. C. 232, Foster 313, Roscoe’s Crim. Ev. 557.
There must be sudden passion, upon reasonable provocation, to negative the idea of malice, but we think, the manner'in which his Honor repeats, several times in his charge, that reason must be “dethroned,” — and that there must be a “whirlwind” of passion, in order to mitigate a killing to manslaughter, was calculated to exclude from the jury, the possibility that a sane man, having sense and reason, could, excited by anger, and heat of blood, be guilty of manslaughter.
We think, therefore, that the impression his language was calculated to make on the minds of the jury, was erroneous.
As to the facts of the case, it is unnecessary for us to speak; and as the prisoner must go before another jury, we deem it most proper to leave the case for their unbiased determination.
Reverse the judgment and remand the prisoner for another trial.