· PATRICK McGUIRE *vs.* MICHAEL McDONALD.

On trial of an action for assault and battery, a material witness for the defendant being
asked on cross-examination, for the purpose of showing that he was under a bias against
the plaintiff, whether he did not express satisfaction at the plaintiff's injuries and sing a
derisive song under the plaintiff's window while the plaintiff was in bed suffering from
them, denied that he had ever done anything of the kind. *Held,* that it was thereupon
competent for the plaintiff to prove that, while he was in bed suffering from the injuries,
the witness did twice sing such a song under his window, and that he heard the singing,
and that the witness clapped his hands at the conclusion thereof.

TORT for assault and battery. Answer, that the defendant
acted in self-defence. Trial in the superior court, before *Ames,*
C. J.

A witness called by the defendant having given testimony
tending to show that the plaintiff was the aggressor, was asked
these questions on cross-examination, for the purpose of show-
ing that he was under the influence of a feeling unfriendly to
the plaintiff: " Did you not express satisfaction on finding that
the plaintiff was hurt? And did you not derisively sing under
his window, while he lay sick in his bed, something about him
to the effect that McGuire is lying low? " The witness replied
in the negative; and denied that he had ever done anything of
the kind. For the purpose of contradicting the witness, and
showing bias and prejudice on his part, the plaintiff was then
permitted, against the defendant's objection, to offer evidence
tending to show that twice, soon after the assault, the witness
did sing a derisive song under the windows of the plaintiff's
house, about the plaintiff's lying low, and did also clap his
hands at the close of the song; and that the song was heard by
the plaintiff, while suffering in bed from the effects of the blows
received from the defendant.

The jury found for the plaintiff; and the defendant alleged
exceptions.

*W. S. Stearns,* for the defendant, cited *Hathaway* v. *Crocker,*
7 Met. 266.

*A. V. Lynde & W. P. Harding,* for the plaintiff.

CHAPMAN, J. The ruling is sustained by the recent case of
*Day* v. *Stickney,* 14 Allen, 255. *Exceptions overruled.*