COMMONWEALTH *vs.* MARTIN R. AHEARN.

Middlesex.    April 5, 1976. — May 12, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Evidence,* On cross-examination, Offer of proof.    *Witness,* Cross-examination.

At the trial of a complaint charging assault with a dangerous weapon, the defendant was entitled to cross-examine the complaining witness, a police officer, as to his knowledge that the defendant had applied for a civilian complaint against the officer and his partner prior to the officer making a complaint against the defendant, in order to show bias of the officers against the defendant. [286-287]

Commonwealth *v.* Ahearn.

COMPLAINT received and sworn to in the District Court of Newton on May 28, 1974.

On appeal to the Third District Court of Eastern Middlesex, the case was tried before *Lack,* J.

*John G. Landes* for the defendant.

*Alan L. Kovacs,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The defendant was tried on a complaint charging him with assault with a dangerous weapon on one Daniel M. Donovan, Jr. A verdict of guilty was returned by a jury of six. The defendant was sentenced to two years in a house of correction, suspended until May 13, 1977. In this appeal the defendant's bill of exceptions raises a single issue, viz.: that the judge improperly excluded, over the defendant's exceptions, certain questions addressed by defense counsel on cross-examination in an attempt to show bias of prosecution witnesses.

We agree that there was error in the exclusion of the questions, and that there must be a new trial.

We summarize the evidence as presented by the Commonwealth. This evidence consisted of the testimony of two witnesses, Officers Daniel Donovan and Joseph Donohue of the Newton police department. They testified that on May 27, 1974, they entered McGoo's Tavern in Newton while on their regular patrol. Officer Donovan noticed the defendant seated at a table, and saw the defendant make an obscene gesture toward him. A few minutes later, the defendant jumped up and said, "I'm tired of you f......pigs talking about me." The defendant ran toward the officers with a bar stool in his hands and, when he was within about ten feet of them, threw it in Officer Donovan's direction. Officer Donovan, however, was able to avoid being struck by the bar stool.

The defendant then turned to run, but the manager grabbed him and put him out of the tavern. Outside, the officers told the defendant to leave the area, but when he continued to yell obscenities at them and refused to leave, they placed him under arrest. The defendant thrashed

about and struck Officer Donohue with his knee. Finally the defendant was subdued and taken into custody as an incapacitated person. At some time during the night the defendant was released from custody. The next morning, Officer Donovan took out a complaint against the defendant for assault with a dangerous weapon, alleging that the defendant assaulted him with a chair at the tavern.

During cross-examination of Officer Donovan, the defendant's counsel asked if Donovan was aware that the defendant had applied for a civilian complaint against him and his partner before the defendant left the police station on the night of May 27. The judge excluded this question. Counsel then asked if anything had happened which affected the officer's bringing the criminal complaint between the time the defendant left the station that night and the time the officer made application for the complaint against the defendant. Donovan said there was, but again the judge excluded any answer to the question of what it was that so affected him. An additional question asking if Donovan recognized the application for a civilian complaint which the defendant had filed against him was also excluded by the judge. At a bench conference, the defendant's counsel made an offer of proof that the defendant had applied for a civilian complaint against the police officer after his release and prior to the officer's making a complaint against him. The judge said he did not think the defendant's application for a complaint against the officer was "relevant" and he would exclude anything about it. The defendant's counsel did not offer any grounds as to why this evidence should not be excluded.

Similar questioning took place with respect to the Commonwealth's second witness, Officer Joseph Donohue, Officer Donovan's partner on the evening of May 27. The defendant's counsel asked the witness if he was aware that the defendant had applied for civilian complaints against him and his partner prior to the bringing of the complaint against the defendant. The judge excluded the question and ordered the defendant's counsel to refrain from asking anything further about such civilian complaints. Again, the

defendant's counsel did not offer any grounds as to why this evidence should not be excluded.

The Commonwealth argues first that defense counsel stated no grounds for the admission of the disputed testimony, and for that reason the defendant's exceptions should be overruled. We note that ordinarily, with respect to questions asked on cross-examination, no offer of proof is required (*Commonwealth* v. *Rudnick,* 318 Mass. 45, 56 [1945]), but defense counsel nevertheless made an offer of proof in this case. The Commonwealth asserts, however, that where, as in this case, the judge is unable to see the relevance or purpose of a question, the cross-examiner may reasonably be expected to make not only an offer of proof (*Commonwealth* v. *Doyle,* 323 Mass. 633, 635 [1949]), but also some explanation as to how he expects to show bias by means of the witness's answer. Cf. *Breault* v. *Ford Motor Co.,* 364 Mass. 352, 357-358 (1973); *Commonwealth* v. *Baker,* 348 Mass. 60, 63-64 (1964).

We assume that there may be cases where such a burden should be placed on the cross-examiner, see, e.g., *Commonwealth* v. *Donahue,* 369 Mass. 943, 950-951 (1976), but in our view the instant case is not one of them. From the sequence of facts then in evidence, it should have been apparent to the judge that the questions were relevant as to the issue of alleged bias. It was clear that the questions were designed to elicit testimony that the criminal complaint was sought by one of the policemen only after they learned that the defendant had sought civilian complaints against them. From this testimony, if admitted in evidence, the defendant could urge the jury to infer that the policemen had acted in a spirit of retaliation toward the defendant, or to induce him not to pursue his civilian complaint. In short, the relevance of the excluded inquiries was sufficiently apparent.

The Commonwealth further argues that, while a defendant's reasonable cross-examination of a witness is a matter of right, a judge may in his sound discretion limit the scope of cross-examination, including the extent to which the credibility of a witness may be tested. *Commonwealth* v.

*Sandler,* 368 Mass. 729, 737-738 (1975). *Commonwealth* v. *Makarewicz,* 333 Mass. 575, 593 (1956). See *Alford* v. *United States,* 282 U.S. 687, 694 (1931). The Commonwealth contends that the judge's rulings here were within his discretion, particularly since much is left to the trial judge's discretion even in determining whether or not to allow particular questions testing bias. See *Commonwealth* v. *D'Agostino,* 344 Mass. 276, 280, cert. denied, 371 U.S. 852 (1962).

Again, we do not agree. A basic rule states that reasonable cross-examination for the purpose of showing bias and prejudice of the witness is a matter of right. *Commonwealth* v. *Russ,* 232 Mass. 58, 79 (1919). See *Commonwealth* v. *Byron,* 14 Gray 31 (1859). This is not a case where the judge merely limited the scope of such examination, within his discretion; he excluded the total inquiry by his several rulings. The evidence, which was clearly relevant on the issue of the alleged bias of the witnesses, should have been admitted for the jury's consideration.

In view of our conclusions, it is not necessary for us to consider the defendant's further argument that the judge's rulings amounted to constitutional error. The defendant makes particular reference to the language in *Davis* v. *Alaska,* 415 U.S. 308, 320 (1974): "[The State] cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness." See *Greene* v. *McElroy,* 360 U.S. 474, 498 (1959); *Commonwealth* v. *Ferrara,* 368 Mass. 182, 186-190 (1975).

*Exceptions sustained.*