COMMONWEALTH *vs.* PHILIP B. CUMMING. May 31, 1978. In his cross-examination of the Commonwealth's principal witness, who was an admitted participant in the burglary for which the defendant was being tried as an accessory before the fact, and whose testimony directly implicated the defendant, the defendant succeeded in eliciting from the witness that, in the separate prosecution brought against the witness, (1) the witness had pleaded guilty; (2) the witness had been promised a lenient sentence recommendation by the prosecutor; (3) the witness had been advised by a judge, presumably at the time his guilty plea was received, that the prosecutor's sentence recommendation imposed no obligation on the court; and (4) the witness had not yet been sentenced. The judge (in the present case) refused to permit the witness to respond to the defendant's further question: namely, whether the recommendation was of a suspended sentence. We are of the opinion that that was an improper restriction on cross-examination into bias, which is a matter of right and may not be unduly curtailed. *Davis* v. *Alaska,* 415 U.S. 308, 315-318 (1974). *Commonwealth* v. *Graziano,* 368 Mass. 325, 330-331 (1975). *Commonwealth* v. *Ahearn,* 370 Mass. 283, 287 (1976). "[W]ide latitude is crucial when the testimony of an accomplice is involved." *United States* v. *Dickens,* 417 F.2d 958, 960 (8th Cir. 1969). In such cases the defendant has a right to make full inquiry into promises of leniency. *Gordon* v. *United States,* 344 U.S. 414, 422-423 (1953). *United States* v. *Dickens, supra* at 959-961. *United States* v. *Mayer,* 556 F.2d 245, 248-250 (5th Cir. 1977). *Commonwealth* v. *Michel,* 367 Mass. 454, 459-460 (1975). *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 713-714 (1974), and cases cited. No reason is suggested why the defendant should have to settle for the generality that the recommendation was to be for leniency; he was entitled to have the specific recommendation which had been promised to the witness made known to the jury. The specific recommendation was not brought out in another manner, as in *Commonwealth* v. *Walker,* 370 Mass. 548, 572, cert. denied, 429 U.S. 943 (1976). The error cannot be said to have been harmless.

*Judgment reversed.*
*Verdict set aside.*

The case was submitted on briefs.
*Margaret Hayman* for the defendant.
*Sandor I. Rabkin,* Assistant District Attorney, for the Commonwealth