COMMONWEALTH *vs.* KURT R. JOHNSON. June 24, 1983. *Constitutional Law*, Speedy trial. *Evidence*, Cross-examination. *Witness,* Bias.

About nineteen months after he was arrested, the defendant was convicted of kidnapping, rape, and assault and battery by means of a dangerous weapon. On appeal he argues that: (1) he was denied his constitutional right to a speedy trial; and (2) the judge committed error by excluding cross-examination of the complaining witness on a pending charge.

The jury could have found that while on her way home from the Brockton Fair during the early morning hours of July 5, 1980, the victim was pulled into a car by two men, subdued by a belt held across her neck, and raped. Two weeks later, she spotted the car in which she had been abducted and relayed the license number to the police. The next day, she identified a picture of the defendant in a photo array. Johnson was arrested on July 18, 1980, indicted on August 4, 1980, arraigned on September 8, 1980, and was released on $1,000 bail on September 11, 1980.

1. Although Johnson was originally scheduled for trial on November 24, 1980, a series of delays prevented the case from being heard until February 2, 1982. Approximately six weeks of this delay was either at the request of, or with the agreement of, the defendant; another seven weeks because of congestion in the district attorney's office; and approximately ten weeks due to court congestion. The bulk of the delay, however, was caused by "the Commonwealth['s] . . . great difficulty in locating [the complaining witness] over a period of many, many months." A subsequent, shorter delay permitted that witness (the victim), who had a disabling drug problem, to obtain therapy before testifying.

Nineteen months of delay between arrest and trial is a sufficient period to "trigger" further inquiry. *Commonwealth* v. *Rodriguez*, 380 Mass. 643, 651-652 (1980), *Commonwealth* v. *Langton*, 7 Mass. App. Ct. 692, 692-693 (1979). Consideration of the factors detailed in *Barker* v. *Wingo,*

Rescript Opinions.

407 U.S. 514, 530 (1972), leads us not to require dismissal of the indictments in this case. To be sure, the Commonwealth bears some responsibility for the portion of the delay due to congestion, *Barker* v. *Wingo*, 407 U.S. at 531. Here, however, the circumstances were much like those in *Commonwealth* v. *Beckett*, 373 Mass. 329, 333-335 (1977), and *Commonwealth* v. *Burhoe*, 3 Mass. App. Ct. 590, 593-595 (1975), in which institutional delays were found to be insufficiently onerous or prejudicial. Contrast *Commonwealth* v. *Lutoff*, 14 Mass. App. Ct. 434, 441-442 (1982).

The absence or unavailability of a key witness has been explicitly recognized as a valid reason to justify appropriate delay. *Barker* v. *Wingo*, 407 U.S. at 531. *Commonwealth* v. *Daggett*, 369 Mass. 790, 794 (1976). *Commonwealth* v. *Jones*, 6 Mass. App. Ct. 750, 755 (1978). Mass.R.Crim.P. 36(b)(2)(B), 378 Mass. 911 (1979). See generally 3 Torcia, Wharton's Criminal Procedure § 420, n.18.3 (12 ed. 1975). None of the circumstances of this case would make the continuances granted "inappropriate." The defendant was not prejudiced by the delay; he was not incarcerated while awaiting trial; his defense was not impaired by the delay; and he demonstrated no concern over the delay. Indeed, the defendant first expressed interest in his right to a speedy trial when he learned that the prosecution witness had been located but was at that time temporarily unable to testify. See *Barker* v. *Wingo*, 407 U.S. at 532; *Commonwealth* v. *Look*, 379 Mass. 893, 901, 903, cert. denied, 449 U.S. 827 (1980); *Commonwealth* v. *Jones, supra* at 757. The case came to trial approximately two and a half months after the defendant raised the speedy trial issue by a motion to dismiss. On the facts there was no occasion for a motion to dismiss the charges under Mass.R.Crim.P. 36(b), nor did the defendant make such a motion.

2. During examination of the complaining witness, the prosecutor introduced the pendency in Plymouth District Court of charges against the witness of distributing a controlled substance to a prisoner and knowingly being present where heroin was kept. Thereafter, defense counsel attempted to ask the witness about a charge of uttering a forged instrument pending against her in the Quincy District Court. At side bar the prosecutor denied all knowledge of the charge and stated he had never discussed it with the complaining witness. Defense counsel argued that his purpose in asking the question was to show a bias to cooperate with the Commonwealth. The judge excluded the question, and the defendant argues that his right of confrontation was thereby unconstitutionally abridged.

A criminal defendant is entitled as of right to reasonable cross-examination of a witness for the purpose of showing bias. *Davis* v. *Alaska*, 415 U.S. 308, 316-317 (1973). *Commonwealth* v. *Ferrara*, 368 Mass. 182, 188-189 (1975). *Commonwealth* v. *Hogan*, 379 Mass. 190, 192 (1979). The trial judge, however, retains the discretion to appraise

the materiality of the testimony sought to be introduced. *Commonwealth* v. *Haywood*, 377 Mass. 755, 761 (1979). ·Where, as here, the alleged bias arose more than a year after the complaint and identification had been made (contrast *Commonwealth* v. *Hogan, supra* at 191, and *Commonwealth* v. *Joyce,* 382 Mass. 222, 225 n.2 [1981]) and where the witness's trial testimony substantially tracked her earlier statements (contrast *Commonwealth* v. *Lewis,* 12 Mass. App. Ct. 562, 572 [1981]), the judge was within his discretion in concluding that no bias would be shown by introduction of the complainant's arrest record. *Commonwealth* v. *Haywood, supra* at 761-763; *Commonwealth* v. *Best,* 381 Mass. 472, 488-490 (1980). Moreover, since evidence of the two charges pending in Plymouth County had already been introduced, the ruling did not entirely preclude exploration of the subject of bias. Contrast *Commonwealth* v. *Ahearn,* 370 Mass. 283, 287 (1976); *Commonwealth* v. *Martinez,* 384 Mass. 377, 379-381 (1981).

*Judgments affirmed.*

*Susan G. Kauffman* for the defendant.

*Robert M. Payton,* Assistant District Attorney, for the Commonwealth.