COMMONWEALTH *vs.* CLARENCE DEAN.  December 8, 1983.  *Evidence, Relevancy and materiality, Bias.*

The defendant was convicted of kidnapping and assault and battery by means of a dangerous weapon based on events which took place in the course of a tumultuous day-and-a-half long drive with his estranged wife through central and western Massachusetts, southern Vermont, and northern Connecticut in December, 1981. The defendant argues on appeal that it was error for the judge to deny him the right to cross-examine the wife with respect to criminal charges pending against her for allegedly shooting him on March 26, 1982, about a month before trial. The judge excluded the line of cross-examination, presumably on the theory that the charges against her had little or no tendency to show bias because they postdated by several months the registering of her complaints against him. Contrast *Commonwealth* v. *Byron*, 14 Gray 31 (1859). The defendant contends that the pendency of the charges bore on her bias against him at the time she was testifying at the trial. It is settled, of course, by a legion of cases that reasonable cross-examination with respect to bias is matter of right, not discretion. *Commonwealth* v. *Michel*, 367 Mass. 454, 459-460 (1975). *Commonwealth* v. *Graziano*, 368 Mass. 325, 330 (1975). *Commonwealth* v. *Ahearn*, 370 Mass. 283, 287 (1976). *Commonwealth* v. *Martinez*, 384 Mass. 377, 380 (1981). *Commonwealth* v. *Johnson*, 16 Mass. App. Ct. 935, 936 (1983). Here the defendant was permitted to explore the wife's bias through cross-examination with respect to their separation and a contest for custody of the children. Nevertheless, the criminal charges pending against the wife at the husband's instigation offered a discrete and potentially probative insight into the nature of their relationship (compare *Commonwealth* v. *Redmond*, 357 Mass. 333, 338 [1970]; *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 719 [1974]). The better course would have been to let the jury make the evaluation as to the bearing of these charges on the wife's possible bias. Where the defendant

was the victim of the alleged shooting and inferentially the instigator of
the criminal proceedings against the wife, the potential for bias is greater
than it is "where a witness has simply testified or given information for or
against a defendant in an unrelated matter." *Commonwealth* v. *Dominico,
supra* at 715. *Commonwealth* v. *Haywood,* 377 Mass. 755, 758-763
(1979), concerned a claim of bias due to official pressure and is not rele-
vant to the issue raised here.

*Judgments reversed.*

*Verdicts set aside.*

*Patricia A. O'Neill* for the defendant.
*Harry D. Quick, III,* Assistant District Attorney, for the Common-
wealth.