COMMONWEALTH *vs.* STEVEN BUCKNAM.

Middlesex.  January 18, 1985. — May 28, 1985.

Present: PERRETTA, KASS, & SMITH, JJ.

*Evidence*, Bias, Judicial discretion, Prior conviction.

At the trial of an assault and battery case, the judge did not abuse her discretion in excluding two questions asked by defense counsel in an attempt to show that the victim had a financial interest in the outcome of the case, where the questions asked were defective in form and where it was apparent that the judge had not precluded inquiry on the entire subject of bias. [122-123]

A judge's discretion under G. L. c. 233, § 21, to exclude evidence of prior criminal convictions offered to impeach a witness's credibility is not limited to witnesses who are defendants, but may be exercised with respect to other witnesses. [123-124]

At the trial of an assault and battery case in which the victim's convictions for having a false driver's license in his possession and for operating an automobile on two occasions during a suspension of his operator's license were offered to impeach the victim's credibility, the judge did not abuse her discretion in allowing in evidence the conviction for possessing a false license, while excluding the other two. [123-124]

COMPLAINT received and sworn to in the Lowell Division of the District Court Department on August 30, 1983.

Following appeal to the jury session of that court, the case was tried before *Arlyne F. Hassett*, J.

*James J. Gaffney, III,* for the defendant.

*Jeffrey B. Abramson*, Assistant District Attorney, for the Commonwealth.

KASS, J. First some beer was thrown; then punches. The victim, Gillis, was flung into a swimming pool. As he clambered out, one or more persons kicked him in the head. By the time he had made his escape from the defendant's party, Gillis had sustained a moderately severe beating. All concerned seem to have drunk a formidable amount of beer.

For his part in the imbroglio the defendant was charged with assault and battery by means of a dangerous weapon, a shod foot. G. L. c. 265, § 15A. A jury of six found the defendant guilty of simple assault and battery.

1. *Questions on bias.* During cross-examination of the victim, defense counsel attempted to ask him whether he was "hoping to obtain some financial compensation for this incident." The trial judge sustained an objection. The defendant's lawyer then asked: "Did you become aware of, or did you think the [defendant's] household might have a homeowner's insurance policy?" That question, after objection, was also excluded.

Reasonable cross-examination to show bias and prejudice of a witness is a matter of right. *Commonwealth* v. *Ahearn,* 370 Mass. 283, 287 (1976). *Commonwealth* v. *Henson,* 394 Mass. 584, 586 (1985). The first question put to the victim in the instant case, however, was peculiarly abstract in form and the objection might have been sustained, as matter of discretion, for that reason. The second question was also defective as to form for the reason, if no other, that it made no effort to pinpoint when the question of an insured target crossed the victim's mind. Was it before he had complained to the police? As asked, the question was also something of a red herring. A homeowner's policy would not ordinarily cover an intentional battery. See *Lipson* v. *Queen Ins. Co.,* 2 Mass. App. Ct. 901 (1974); *Terrio* v. *McDonough,* 16 Mass. App. Ct. 163, 166 (1983). Nothing in the record suggests that the judge, in ruling on those two questions, had made the entire subject of bias off limits. See *Olson* v. *Ela,* 8 Mass. App. Ct. 165, 170 (1979); *Commonwealth* v. *Morris, ante* 114, 118-119 (1985).

A question inquiring whether the victim was a plaintiff in a civil suit against the defendant, arising out of the same incident, would better have raised the question of bias. Cf. *Commonwealth* v. *Ahearn, supra* at 285-286. If the materiality of the evidence sought is unclear, the "*record must disclose the* cross-examiner's reason for seeking an anwer to the excluded question . . ." (emphasis original). *Commonwealth* v. *Caine,*

366 Mass. 366, 370 n.4 (1974), as quoted in *Commonwealth* v. *Cheek*, 374 Mass. 613, 615 (1978). *Commonwealth* v. *Rodwell*, 394 Mass. 694, 697 (1985). The discretion of the trial judge in determining the extent to which counsel may explore otherwise immaterial lines of inquiry is considerable. *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 714-715 (1974). Such was the tangential nature of the excluded questions that we do not think the judge abused her discretion. See *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755, 761 (1984); *Commonwealth* v. *Maffei*, 19 Mass. App. Ct. 924 (1984). In any event, as the occurrence of an attack on Gillis, the victim, was not contested (whether the defendant was a party to the beating was in dispute), the jury could not have nursed the illusion that Gillis was a dispassionate witness against those, including the defendant, who he thought had beaten him.

2. *Exclusion of certain prior convictions of the victim.* For purposes of impeaching the credibility of the victim, the defense sought to introduce evidence of: the victim's prior conviction on February 9, 1983, for having a falsely made driver's license in his possession; and two convictions on the same date, i.e., February 9, 1983, for driving a car with a suspended license on October 29, 1982, and November 9, 1982. The judge, acting under G. L. c. 233, § 21, as amended through St. 1982, c. 87, allowed the receipt in evidence of the conviction for driving with a false license and excluded the other two. Section 21 provides: "The conviction of a witness of a crime may be shown to affect his credibility." In *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984), the court overruled *Commonwealth* v. *West*, 357 Mass. 245 (1970), and decided to give the word "may" in G. L. c. 233, § 21, "its normal meaning, that is, that the admission of evidence of a prior conviction is subject to the exercise of reviewable discretion by the trial judge."

The discretion to admit or exclude prior convictions, the defendant argues, should be limited to witnesses who are defendants. To the extent that irrelevant, tangential, or excessively suggestive prior convictions have the capacity unfairly

to injure, the reasoning goes, it is the defendant witness who may be seriously prejudiced. The suggested distinction finds favor in rule 609(a) of the Proposed Massachusetts Rules of Evidence (1980), the third sentence of which provides: "There shall be no discretion to exclude a prior conviction offered to impeach the credibility of any other witness [than the accused]." Those proposed rules have been considered but not adopted by the Supreme Judicial Court. In keeping with the spirit of the *Maguire* opinion that the words in G. L. c. 233, § 21, should be given their normal meaning, we think the unmodified word "witness" means any witness to a crime. The judge, therefore, had discretion to exercise.

There was no abuse of that discretion. The judge indicated that she thought only the false license offense reflected on the propensity of the victim to deceive. All three convictions, since they occurred on one date, appear to have been part of a single proceeding. Operating a motor vehicle after suspension of his license does not seem unconnected to possession of the false license and the judge could have concluded that the latter convictions, bereft of overtones of depravity, were a sort of unreasonable piling on.

Moreover, as the conviction with any real sting was received in evidence, the exclusion of the lesser convictions, had it been error, must surely have been of the harmless variety. It is not without significance that the jury apparently disbelieved the victim's testimony that the defendant was shod, and, therefore, returned a verdict for the lesser offense of assault and battery.

*Judgment affirmed.*