COMMONWEALTH *vs.* LAWRENCE MAZZOLA.

Middlesex.    April 16, 1986. — September 3, 1986.

Present: BROWN, SMITH, & FINE, JJ.

*Evidence,* Bias. *Witness,* Bias. *Practice, Criminal,* Comment by judge.

At the trial of a criminal case, the judge did not err in excluding evidence that the defendant, after his arrest, had made application for criminal complaints against two prosecution witnesses, where, since this evidence was offered, not on cross-examination of these witnesses, but, rather, during the defendant's own testimony and that of one of his witnesses, it would not have been apparent to the judge that the proffered evidence was relevant on the issue of the two prosecution witnesses' bias or motive to lie. [684-685]

At the trial of a criminal case, the judge properly excluded evidence offered to show bias of certain police officers, where the testimony sought either would not have been competent to allow the jury to infer such bias, or would have been irrelevant in the circumstances. [685-687]

At the trial of a criminal case, the judge did not err in making certain comments to defense counsel with the jury present, where it was evident from the record that defense counsel's performance was not chilled by the judge's comments, where the judge's remarks were not directed to the evidence and did not indicate in any way his views as to the credibility of witnesses and where his remarks, considered in context, were a proper assumption of his responsibility to control the trial. [687-688]°

COMPLAINTS received and sworn to in the Newton Division of the District Court Department on July 11, 1983.

In the jury session of the Cambridge Division the cases were tried before *Henry A. Tempone, J.*

*Alfred E. Nugent (Jeffrey B. Krashin* with him) for the defendant.

*Natalea Skvir,* Assistant District Attorney, for the Commonwealth.

SMITH, J. On July 11, 1983, two complaints issued from the District Court of Newton against the defendant, charging

him with assault and battery on Victor Kester and assault and battery with a dangerous weapon (shod foot) on Richard Hardy. After the defendant claimed a jury trial, he was tried by a jury of six and was convicted of the charge of assault and battery on Kester and also of the lesser included offense of assault and battery on Hardy. On appeal, the defendant contends that the judge erred (1) in excluding evidence offered to show bias of certain prosecution witnesses and of certain police officers and (2) in making certain comments to defense counsel in front of the jury.

In view of the nature of the issues raised by the defendant, it is not necessary for us to outline in great detail the evidence before the jury. We summarize the pertinent evidence. On July 9, 1983, the victims, Kester and Hardy, were present at a party in Newton. The defendant and four of his friends showed up, uninvited. They were asked to leave and did so but later returned. When asked again to leave, the defendant punched Kester in the face. Kester's wife, seeing the defendant strike her husband, grabbed an empty wine bottle and hit the defendant on the head with it. Later, the defendant punched Hardy and also kicked him with his right foot. The police arrived and arrested the defendant.

1. *Exclusion of evidence of possible bias.* At trial, the defendant attempted to introduce evidence that, after his arrest, he made applications for criminal complaints against two witnesses for the Commonwealth (Hardy, and Kester's wife) for assault and battery with a dangerous weapon, i.e., a bottle. The judge excluded the evidence. The defendant argues that the evidence of the pending applications for criminal complaints was probative on the issue of bias or motive to lie on the part of those prosecution witnesses.[1]

"A defendant has the *right* to bring to the jury's attention any 'circumstance which may materially affect' the testimony of an adverse witness which might lead the jury to find that the witness is under an 'influence to prevaricate'" (emphasis

---

[1] The clerk magistrate postponed the hearing on the applications until after the conclusion of the instant trial.

in original). *Commonwealth* v. *Haywood,* 377 Mass. 755, 760 (1979), quoting from *Commonwealth* v. *Marcellino,* 271 Mass. 325, 327 (1930). "[A] defendant may introduce that evidence through . . . 'any *competent* means' . . ., including 'reasonable' cross-examination of the witness . . . or extrinsic evidence" (emphasis in original). *Commonwealth* v. *Brown,* 394 Mass. 394, 397 (1985). Here, the defendant did not cross-examine the prosecution witnesses in regard to the pending applications but sought to introduce that evidence during the presentation of the defense through his own testimony and that of a former attorney. Defense counsel concedes that at the time he attempted to introduce the evidence of the pending applications he failed to give any indication to the judge that he was offering the evidence on the issue of bias or motive to lie. He argues, however, that *Commonwealth* v. *Ahearn,* 370 Mass. 283, 286 (1976), controls the situation here. In *Ahearn,* the court held that "[f]rom the sequence of facts then in evidence, it should have been apparent to the judge that the questions were relevant as to the issue of alleged bias." *Ibid.*

Unlike the situation in *Ahearn,* in the instant case, given the context in which the evidence arose (not on cross-examination of the prosecution witnesses but on direct examination of the defendant and an attorney), it would not have been apparent to the judge that the questions were relevant on the issue of bias or motive to lie on the part of the prosecution witnesses. See *Commonwealth* v. *Cheek,* 374 Mass. 613, 615 (1978). It was not error, therefore, for the judge to exclude the evidence.

The defendant also contends that the judge improperly excluded evidence of bias on the part of certain police witnesses. In 1981 the defendant brought a civil action against certain members of the Newton police department in connection with an incident that had occurred in 1979. That action was eventually settled. Before trial of the instant case, the Commonwealth filed a motion in limine to preclude the defendant from referring to the civil action and the incident that gave rise to the action. The judge ruled that before any police officer testified the defendant could conduct a short hearing (at the bench) to establish whether the police officer was involved in the incident

which resulted in the civil action and whether the witness was named as a defendant in that action. If the police officer were to answer affirmatively, the defendant would be permitted to ask those same questions of the witness before the jury.

It is clear from the record that at the time the judge made his ruling he believed that the Commonwealth would call as witnesses police officers who had been involved in the 1979 incident and the resulting civil action and that those officers would give testimony damaging to the defendant. However, that was not what occurred at trial. Only two of the several Commonwealth witnesses were police officers. One officer was the investigating and arresting officer. The other officer was the field supervisor at the scene who ordered the defendant's arrest. The defendant did not attempt to impeach the credibility of either officer by showing that they were biased. Apparently neither of them had been involved in the 1979 incident or in the resulting civil action.

During the presentation of the defendant's case, defense counsel called as witnesses two police officers, Salemme and Devaney. The judge was informed by defense counsel that both had been involved in the 1979 incident and had been named as defendants in the civil action. Before the officers testified, the judge informed defense counsel that he would be allowed to explore possible bias of the testifying officer only if the officer testified that he was involved in the actual arrest or the decision to arrest the defendant on the instant charges.[2] Salemme's role as a witness was as keeper of the police log. He testified that there was no entry in the log that the police had stopped the automobile in which the defendant and his friends were riding prior to the incident in question.[3] The defendant did not attempt to impeach his credibility.

---

[2] Neither of the police officers had actually witnessed the assaults allegedly committed by the defendant.

[3] There was evidence that when the defendant and his friends were at the party the first time, they were asked to leave. They refused, and the police were called. When the police arrived, the defendant and his friends were driving away from the party. After talking to the party hosts, the police left and stopped the automobile in which the defendant was riding. After

The defendant then called Officer Devaney as a witness. Defense counsel represented to the judge at the bench that Devaney was the arresting officer in the instant case. However, when Devaney testified, he denied that he was the arresting officer or that he had played any role either in the actual arrest or in the decision to arrest the defendant. His testimony is supported by the record.[4] Because Devaney's testimony was not relevant to the issues raised at trial, the judge was correct in ruling that Devaney could not be impeached by evidence of the 1979 incident or the subsequent civil action. Any bias that he may have harbored against the defendant was irrelevant in the circumstances.

2. *Comments of judge concerning defense counsel.* The defendant claims that the judge made several remarks in open court concerning defense counsel and that these comments denied him a fair trial.

It is obvious from reading the record that an aura of hostility of unusual intensity between the prosecutor and defense counsel was present during the trial.[5] This development led to several unfortunate remarks by counsel on both sides. The judge was alert and had to remind both attorneys on several occasions of their professional obligations. The comments by the judge, entirely proper in the circumstances, were made for the most part at the bench and outside the hearing of the jury. Some comments by the judge were made in front of the jury. It is clear from the record that defense counsel's performance was not chilled by the judge's comments before the jury. Moreover, the judge's remarks were not directed to the evidence, and they did not indicate in any way the judge's views as to the credibility of witnesses. Contrast *Commonwealth* v. *Sneed,* 376 Mass. 867, 869 (1978).

---

checking the driver's license and the automobile's registration, the police allowed the occupants of the automobile to proceed but warned them not to return to the party. In his testimony, the defendant denied that any such encounter took place.

[4] The defendant in his testimony did not single out Devaney as a major participant in the events surrounding his arrest.

[5] The trial prosecutor is not appellate counsel.

The several comments criticized by the defendant took place in the course of six days of trial. Viewed in the context of the entire trial, the judge's remarks were a proper assumption of his responsibility to control the trial, and they do not require reversal.

*Judgments affirmed.*