COMMONWEALTH *vs.* CELESTE GONZALEZ. November 28, 1986. *Witness,* Police officer, Admonition by judge. *Evidence,* Cross-examination, Bias.

On December 8, 1984, two Lowell police officers, Hilda Hernandez and Michael Miles, responded to a complaint of a domestic disturbance. It is not necessary to describe the fiery scene (on the government's evidence) that the officers came upon, and by which they were soon enveloped. The relevant consequence, for our purposes, was that the defendant Gonzalez was charged with assault and battery upon Officer Hernandez. A jury of six found the defendant guilty. The principal ground of the defendant's appeal is that her efforts to establish bias on the part of a police witness were improperly thwarted. We affirm.

The defense sought to inquire of Officer Miles concerning a pending civil action against him, arising out of altogether unrelated events, in which the plaintiff complained of police misconduct. An associated question would have required Officer Miles to explain why he had failed to appear on a previously scheduled trial date, March 20, 1985.

(1) *Opportunity to inquire as to bias.* Parties are entitled as matter of right to reasonable cross-examination to show bias of the witness. *Commonwealth* v. *Michel,* 367 Mass. 454, 459 (1975). *Commonwealth* v. *Ahearn,*

370 Mass. 283, 287 (1976). *Commonwealth* v. *Bucknam,* 20 Mass. App. Ct. 121, 122 (1985). Here the general subject of bias was not barred. See *Commonwealth* v. *Morris,* 20 Mass. App. Ct. 114, 119 (1985). The right to cross-examine to show bias or prejudice is not necessarily infringed by curbing inquiry if the matter sought to be elicited has been sufficiently aired. *Commonwealth* v. *Hicks,* 377 Mass. 1, 8 (1979). By its very nature, the defendant's theory of defense gave vent to the possibility that Officer Miles harbored bias against the defendant. That theory placed the defendant in the role of a victim of unnecessary roughness by the police and sought to characterize the police charge that the defendant struck Officer Hernandez as a contrived, preemptive maneuver. Considering the reciprocal accusations of violence, "the jury could not have nursed the illusion" that either the defendant or the police officer "was a dispassionate witness." *Commonwealth* v. *Bucknam,* 20 Mass. App. Ct. at 123. The exclusion of questions about the pending civil action and Officer Miles' absence on March 20 cannot be regarded as having palpably crimped the defendant's efforts to explore questions of the officer's bias.

(2) *Link of proffered testimony to bias.* Steps taken to pursue civil complaints against police are admissible for purposes of permitting the jury to infer that the police acted in a spirit of retaliation against the defendant. *Commonwealth* v. *Ahearn,* 370 Mass. at 286. How an inference of bias was to be drawn from the ground the defendant sought to explore in this case was a great deal less than obvious. The civil complaint adverted to had been brought about a year before the occurrence from which the instant case arose and had nothing to do with the defendant. Still less clear was what the jury were to learn from hearing Officer Miles explain why he was not in court on March 20, 1985. (The Commonwealth said it was simply because an assistant district attorney had mistakenly told him to be present on the 22d.) On appeal, defense counsel offers a nexus he did not make available to the trial judge. It is roughly as follows: were the defendant found not guilty, she would be emboldened to file a complaint alleging misconduct against Officer Miles (although the charge of assault and battery concerned Officer Hernandez); as Officer Miles had been the subject of a complaint in the pending case arising out of the earlier, unrelated, incident, he would wish to avoid affording the defendant a plausible basis for filing what would constitute a second misconduct complaint against him. As the Commonwealth fairly observes, even as elaborated on appeal, the inferences the defendant says can be drawn are convoluted. When the relevance or purpose of a line of questioning is unclear, the cross-examiner has the obligation to make some explanation as to how the answer of the witness will show bias. *Commonwealth* v. *Cheek,* 374 Mass. 613, 615 (1978). *Commonwealth* v. *Bucknam,* 20 Mass. App. Ct. at 122. Contrast *Commonwealth* v. *Ahearn,* 370 Mass. at 286. Certainly when the evidence of bias is as attenuated as here, the discretion of the trial judge in ruling on its admission is broad. *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 714-715 (1974). *Commonwealth* v. *Bucknam,* 20 Mass. App. Ct. at 123.

(3) *Chastisement of defense witness.* There were occasions at trial upon which the trial judge attempted to rein in witnesses who volunteered unresponsive answers. In the case of one defense witness, Louis Kliros, there were several such warnings. The degree to which Kliros roved beyond the scope of questions put to him was egregious. The record reflects that the judge was even-handed in his curtailing of witnesses. He was not unkind or overbearing and sought repeatedly to explain to witnesses the confines imposed by the rules of evidence and courtroom decorum. We do not think his remarks reflected on the credibility of defense witnesses. There was no error.

*Judgment affirmed.*

*Robert A. Constantino* for the defendant.
*Anne Christman,* Assistant District Attorney, for the Commonwealth.