COMMONWEALTH *vs.* JAMES M. HARJU. January 22, 1987. *Assault with Intent to Murder. Practice, Criminal,* Instructions to jury. *Intent.*

This is yet another appeal in which the defendant complains of the instructions to the jury at the trial of an indictment for assault with intent to murder (G. L. c. 265, § 15) which was conducted prior to the decisions in *Commonwealth* v. *Henson,* 394 Mass. 584, 591 (1985), and *Commonwealth* v. *Ennis,* 398 Mass. 170, 173-175, 176-178 (1986). As is usual in such cases, there was no objection to the instructions now challenged. 1. Contrary to the argument advanced by the Commonwealth, which is based on such cases as *Commonwealth* v. *Gabbidon,* 398 Mass. 1, 5 (1986), and *Commonwealth* v. *Shea,* 398 Mass. 264, 269 (1986), the principal question before the jury was the intent with which the defendant had acted in the course of the incident which gave rise to the indictment. The mother of the two-year-old female victim testified that the defendant had snatched the victim from her arms and thrown her (the victim) out into the eastbound travel lane of Route 44 in Carver at approximately 8:30 P.M. on November 26, 1983. The defendant, on both direct and cross examination, professed to be unable to explain how the victim got from the eastbound breakdown lane, where the defendant had been arguing and struggling with the mother, to the point near the centerline of the highway, where the victim ended up and was almost struck by westbound traffic. Defense counsel's closing argument to the effect that the victim's path of travel had been an "accident" served only to focus the jury's attention on the intent which the defendant had displayed in the course of the incident. Compare *Commonwealth* v. *Fernette,* 398 Mass. 658, 672 (1986). 2. The instructions on assault with intent to murder suffered from all the ills catalogued in the *Fernette* case, 398 Mass. at 671. The judge repeatedly instructed on the need for a finding that the defendant had entertained a "specific intent to murder," rather than a specific intent to kill; only incidentally did he speak of an intentional killing. He defined malice in terms of the second and third prongs of the definition of that word which is often used in murder cases (see *Commonwealth* v. *Ennis,* 398 Mass. at 175, 177-178[1]) rather than confining the

---

[1] See also *Commonwealth* v. *Campbell,* 352 Mass. 387, 398-399 (1967); *Commonwealth* v. *Dunton,* 397 Mass. 101, 103 (1986).

definition to the first of those prongs, namely, "absence of justification, excuse and mitigation." *Commonwealth* v. *Henson*, 394 Mass. at 591. Indeed, at one point the judge instructed as to circumstances in which "[a] killing would be malicious and consequently murder, even though the killer did not wish to cause death." "Nor did the judge instruct the jury that the malice which supports a conviction of second degree murder is insufficient to support a conviction of assault with intent to murder." *Commonwealth* v. *Fernette*, 398 Mass. at 671 & n.24. We cannot say on the confusing instructions as a whole that there is no substantial risk of a miscarriage of justice. See *Commonwealth* v. *Gabbidon*, 398 Mass. at 4-5; *Commonwealth* v. *Ennis*, 398 Mass. at 176. Accordingly, we are constrained by the authorities to order a new trial. 3. We consider now the questions which are likely to arise at a retrial. (a) There should be no instruction on the lesser included offence of assault with intent to kill (see *Commonwealth* v. *Hebert*, 373 Mass. 535, 538 (1977]), which the judge persisted in calling "assault with intent to commit manslaughter." (i) As the victim was only two years old at the time of the incident, it can be safely predicted that there will be no question as to the existence of any of the factors which might warrant a finding of intent to commit voluntary manslaughter. See, e.g., *Commonwealth* v. *Kendrick*, 351 Mass. 203, 211-212 (1966); *Commonwealth* v. *Walden*, 380 Mass. 724, 727-728 (1980); *Commonwealth* v. *Anderson*, 396 Mass. 306, 313-314 (1985). In particular, there will undoubtedly be no evidence that the victim, as opposed to her mother, did anything to provoke the defendant's actions. See *Rex* v. *Simpson*, 11 Crim. App. (Eng.) 218, 220 (1915); *State* v. *Vinso*, 171 Mo. 576, 590-591 (1903); *State* v. *Gutierrez*, 88 N.M. 448, 451 (1975); *State* v. *Tilson*, 503 S.W.2d 921, 923-924 (Tenn. 1974); Perkins & Boyce, Criminal Law 102 (3d ed. 1982); 2 LaFave & Scott, Substantive Criminal Law § 7.10 (g), at 269 (1986). Accordingly, there should be no instruction on voluntary manslaughter. (ii) For the reasons spelled out in *Commonwealth* v. *Parenti*, 14 Mass. App. Ct. 696, 699-703 (1982), which was decided more than two years prior to the trial of this case, there should be no instruction on involuntary manslaughter. See also *Commonwealth* v. *Correia*, 18 Mass. App. Ct. 178, 183 n.3 (1984); *Commonwealth* v. *Alfonso*, 19 Mass. App. Ct. 599, 605 n.8 (1985). (b) If there is evidence at a retrial to the effect that the defendant was under the influence of alcohol at the time of the incident, and if the defendant so requests, the judge should give the instruction authorized by *Commonwealth* v. *Henson*, 394 Mass. at 593-594. Compare *Commonwealth* v. *Shine*, 398 Mass. 641, 654 (1986). (c) If the evidence as to the subsequent relationship between the defendant and the victim's mother which was excluded at this trial is offered again, but the next time on the question of possible bias of the mother, the judge should be guided by the principles enunciated in such cases as *Commonwealth* v. *Bucknam*, 20 Mass. App. Ct. 121, 122-123 (1985), *Commonwealth* v. *Piedra*, 20 Mass. App. Ct. 155, 156-158 (1985), and *Commonwealth* v. *Gonzalez*, *ante* 913, 914 (1986). See generally

Liacos, Massachusetts Evidence 145 (5th ed. 1981 & Supp. 1985). 4. The judgment on indictment no. 79482 is reversed, and the verdict on that indictment is set aside.

*So ordered.*

*Richard B. Klibaner* for the defendant.
*Robert P. Snell,* Assistant District Attorney, for the Commonwealth.