COMMONWEALTH *vs.* MICHAEL WHITE. No. 90-P-1269. April 30, 1992.
*Rape. Evidence*, State of mind, Bias. *Witness*, Bias. *Error*, Harmless.

The defendant, on trial for rape and abuse of two minor female children
and other charges of unlawful sexual activity involving them, called as one
of his witnesses a person who offered but was not allowed to testify that
the mother of one of the two children had stated to her, about the defend-
ant, that "even if he didn't do it that after what he did to me I still hope
all sorts of nasty things happen to him." The exclusion was error. The
statement was relevant to the bias of the mother, who had been a prosecu-
tion witness, against the defendant, and, although the statement was hear-
say (being offered to prove the truth of the state of mind declared), it was
admissible under the state of mind exception to the hearsay rule. Compare
*Day* v. *Stickney*, 14 Allen 255, 257-258, 260-261 (1867); *McGuire* v. *Mc-
Donald*, 99 Mass. 49 (1868); and *Tasker* v. *Stanley*, 153 Mass. 148, 150
(1891), each of which held admissible a witness's out-of-court declaration
of hostility to discredit his testimony at trial.

The error was, in our view, harmless. Apart from the natural inference
that a mother would feel hostility toward one who had raped her daughter,
see *Commonwealth* v. *Nicholas*, 15 Mass. App. Ct. 354, 355 (1983), the
jury could have been in no doubt as to the mother's bias against the de-
fendant. Compare *Commonwealth* v. *Bucknam*, 20 Mass. App. Ct. 121,
122 (1985); *Commonwealth* v. *Gonzalez*, 23 Mass. App. Ct. 913, 914
(1986). They heard ample testimony about the collapse of the mother's
romantic involvement with the defendant, about her upset when she
thought he was seeing other women, about the fight that marked the end
of her living in his apartment, about her anger when he started a relation-
ship with a friend of the mother, about how "I had enough of him, enough
of the abuse," and about how she told the friend "she could have him with
my blessing."

The defendant argues that the exclusion undercut the basis for the de-
fendant's contention at trial that the mother in revenge had put the daugh-
ter up to making the allegations against the defendant. The transcript,
however, shows that no contention along those lines surfaced at the trial
except as a brief rumination by the defendant's counsel in his closing argu-
ment. Nothing in his cross-examination of the child, her mother, or the
Department of Social Services investigator was directed toward eliciting
evidence that the mother had induced the daughter to make the allega-
tions. Contrast *Commonwealth* v. *Morris*, 20 Mass. App. Ct. 114, 115-119
(1985). Indeed, the uncontradicted and unchallenged testimony of the
child and the mother was that the mother learned of the allegations sec-
ond-hand, through her father's girlfriend, in whom the child had originally
confided.

*Judgments affirmed.*

*Nona E. Walker*, Committee for Public Counsel Services, for the defendant.
*Anne M. Kendall*, Assistant District Attorney, for the Commonwealth.