COMMONWEALTH *vs*. TODD MARTIN. July 16, 2001. *Evidence,* Cross-examination, Bias, Credibility of witness. *Witness* Credibility, Bias.

A jury in the District Court convicted the defendant, Todd Martin, of assault and battery. His principal claim on appeal is that the judge failed to allow him to impeach the complainant with two pending criminal complaints that he had sought and obtained against her, and thus develop the theme of bias. This, he contends, violated his right to confront his accuser as guaranteed by both the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. The Appeals Court affirmed, ruling that the testimony of a corroborating witness effectively vitiated the utility of any inquiry on bias,[1] and that, because the complainant was the "parti pris and biased in that sense," the pending criminal complaints "would not [have] add[ed] much." *Commonwealth* v. *Martin*, 50 Mass. App. Ct. 877, 880 (2001). We granted the defendant's application for further appellate review. We conclude that the judge abused his discretion by barring all inquiry of the complainant on the issue of her possible bias based on the pending complaints and that the defendant was prejudiced as a result. A new trial is required.

---

[1]The Commonwealth's corroborating witness, Officer Gregory Derosher of the Everett police department, was not a percipient witness; his testimony was largely based on what the complainant told him.

"It is a basic rule that reasonable cross-examination for the purpose of showing bias and prejudice is a matter of right." *Commonwealth* v. *Martinez*, 384 Mass. 377, 380 (1981), and cases cited. While a judge "has broad discretion to determine the scope and extent of cross-examination," *Commonwealth* v. *Johnson*, 431 Mass. 535, 538 (2000), he "has no discretion to bar all inquiry into the subject" of alleged bias, provided there is some basis, however remote, for showing bias. *Commonwealth* v. *Tam Bui*, 419 Mass. 392, 400, cert. denied, 516 U.S. 861 (1995); *Commonwealth* v. *Henson*, 394 Mass. 584, 587 (1985). It was error to bar all inquiry into the complainant's knowledge that the defendant previously applied for a complaint against her. *Commonwealth* v. *Ahearn*, 370 Mass. 283, 285-286 (1976).

It is equally possible, as the Appeals Court noted, that, by obtaining the underlying complaints against the defendant, the complainant acted with the expectation that "the Commonwealth would treat her kindly in disposing of the pending complaints" against her. *Commonwealth* v. *Martin*, *supra* at 879.

The Commonwealth maintains that, even if the pending complaints were material for showing bias, the defendant's forceful showing that the complainant fabricated the allegation rendered this particular inquiry into her motive or bias superfluous and unnecessary. We disagree. Although arguably defense counsel was able to illustrate some inconsistencies in the complainant's testimony, evidence respecting her motive in accusing the defendant was entirely lacking. Merely allowing a defendant to point out inconsistencies does not justify the exclusion of evidence that would tend to show bias. See *Commonwealth* v. *Moorer*, 431 Mass. 544, 547-548 (2000) (prejudicial and reversible error to preclude cross-examination of victim as to bias notwithstanding defense counsel's illumination of complainant's inconsistent testimony). See also *Commonwealth* v. *Connor*, 392 Mass. 838, 841-842 (1984) (reversible error to bar inquiry into witness's pending criminal charges notwithstanding defendant's impeachment of witness's credibility and inquiry into other possible bias); *Commonwealth* v. *Piedra*, 20 Mass. App. Ct. 155, 157 (1985) (reversible error to bar "specific inquiry on the issue of motive" even though inquiry allowed into witness's bias in general). Rather, the evidence of bias is what provides an explanation for the inconsistencies, tending to show that they are indicative of actual fabrication and thus less worthy of credence.

Given the defendant's close but brief relationship with the complainant, and the conflicting testimony of the witnesses whose credibility was at the heart of the defense, see *Commonwealth* v. *Martin*, *supra* at 878-879, we conclude that the defendant was prejudiced by the erroneous exclusion of evidence concerning the complainant's possible bias. See *Commonwealth* v. *Tam Bui*, *supra* at 401. See also *Commonwealth* v. *Aguiar*, 400 Mass. 508, 513 (1987), quoting *Commonwealth* v. *Redmond*, 357 Mass. 333, 338 (1970) (defendant has right to have his entire relationship with witness brought to attention of jury).

The judgment is reversed, the verdict set aside, and the case remanded for a new trial.

*So ordered.*

*John D. Colucci* for the defendant.

*Edward C. Dorsey*, Assistant District Attorney (*David W. Cunis*, Assistant District Attorney, with him) for the Commonwealth.