NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11701


COMMONWEALTH  vs.  CHRISTOPHER G. MAGDALENSKI.


May 22, 2015.


Evidence, Cross-examination, Bias, Impeachment of credibility.
    Witness, Cross-examination, Bias, Impeachment.


        After a jury trial in the Northampton Division of the
District Court Department, the defendant, Christopher
Magdalenski, was convicted of one count of assault and battery
in violation of G. L. c. 265, § 13A, against his sister, Bethany
Magdalenski.[1]  In an unpublished memorandum and order pursuant to
Appeals Court rule 1:28, the Appeals Court affirmed the
conviction.  Commonwealth v. Magdalenski, 85 Mass. App. Ct. 1104
(2014).  We granted Christopher's application for further
appellate review to address whether the trial judge abused his
discretion in excluding evidence of the Commonwealth witnesses'
alleged bias, prejudice, and motive to prevaricate.  We reverse
and remand for a new trial.

        Christopher claims that he did not assault Bethany.
Instead, he alleges that he was the victim of an unprovoked
attack by Bethany's boyfriend, William Graham, an off-duty
Worthington police officer, and that Bethany was accidentally
injured in the process.  His principal contention is that
Bethany and Graham fabricated their allegations against him in
order to justify Graham's actions, specifically, that they were
motivated to prevaricate because of Graham's concern that his
own actions would have criminal consequences and professional
consequences for his career as a police officer.  The trial
judge, however, precluded Christopher from impeaching Bethany's

_____

        [1] Because the defendant and his sister have the same last
name, we refer to them by their first names.

and Graham's testimony with an application for a criminal complaint that was filed at Christopher's behest against Graham regarding the incident; evidence suggesting that Christopher was coerced to withdraw the application because of threats and other statements made essentially by Bethany and Graham; and related evidence.  The trial judge ruled that, because no criminal charges were pending against Graham, there was no occasion to consider the application, the circumstances under which it was withdrawn, or related matters.

"It is a basic rule that reasonable cross-examination for the purpose of showing bias and prejudice is a matter of right." Commonwealth v. Martin, 434 Mass. 1016, 1017 (2001), quoting Commonwealth v. Martinez, 384 Mass. 377, 380 (1981).  Although a trial judge has discretion to limit cross-examination when necessary, "he or she has no discretion to prohibit all inquiry into [a subject that could show bias or prejudice on the part of the witness]" (citation omitted), Commonwealth v. Tam Bui, 419 Mass. 392, 400, cert. denied, 516 U.S. 861 (1995), even where the possibility of bias is remote, provided that the theory of bias is not "too tenuous." Id. at 401.  See Martin, supra.  In this case, irrespective of whether criminal charges were pending against Graham at the time of trial, evidence that Bethany and Graham were aware of the application, that they coerced Christopher to withdraw his application, that they made false statements to police officers and others, and that it was Graham who was the aggressor was relevant to Christopher's theory that both Bethany and Graham had a motive to prevaricate about the events in question and were biased and prejudiced against him. It was error for the judge to prohibit all questioning along these lines.

This case is markedly similar to Martin, supra.  In that case, we held that the complainant's knowledge that the defendant previously applied for a complaint against her was relevant to show bias, and that "[i]t was error to bar all inquiry into the complainant's knowledge that the defendant previously applied for a complaint against her." Id. at 1017. Although the application for the criminal complaint against Graham had been withdrawn by the time of trial, the judge should have permitted inquiry into Christopher's theory that he had been coerced to do so, not because his allegations were untrue, but because of threats and false statements made by Bethany and Graham.  See Commonwealth v. Ahearn, 370 Mass. 283, 286 (1976). As in Ahearn, the trial judge should have allowed Christopher to pursue this theory through extrinsic evidence and examination of witnesses because, if the evidence was credited by the jury, it

would have supported an inference of bias, prejudice, and motive to prevaricate.

The defendant should have been permitted to question the prosecution witnesses, and offer evidence, concerning their bias, prejudice, and motive to prevaricate.  The judgment is reversed, the verdict is set aside, and the case is remanded for a new trial.

So ordered.

Jessica LaClair for the defendant.
Cynthia M. Von Flatern, Assistant District Attorney, for the Commonwealth.