NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-894

COMMONWEALTH

vs.

CINDY M. KING.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Cindy M. King, was convicted after a District Court jury trial of assault and battery on a family or household member, G. L. c. 265, § 13M (a), and four counts of witness intimidation, G. L. c. 268, § 13B.  The defendant now appeals from her convictions as well as the denial of her motion for a new trial.  We conclude that the judge acted within his discretion in excluding certain evidence of police bias where defense counsel failed to show how police disciplinary proceedings were particularly connected to the defendant and where there was other evidence of police bias before the jury. We further conclude that defense counsel's failure to make an offer of proof in this regard, failure to present additional evidence of police bias, and failure to impeach the victim with

video footage from the defendant's Ring Doorbell[1] did not constitute ineffective assistance of counsel. Accordingly, we affirm.

1. Exclusion of evidence of police bias. "A criminal defendant has the constitutional right to cross-examine a prosecution witness to show that the witness is biased." Commonwealth v. Johnson, 431 Mass. 535, 538 (2000). This right, however, "is not absolute." Commonwealth v. Walker, 438 Mass. 246, 253 (2002). "Although a trial judge has discretion to limit cross-examination when necessary, 'he or she has no discretion to prohibit all inquiry into [a subject that could show bias or prejudice on the part of the witness].'" Commonwealth v. Magdalenski, 471 Mass. 1019, 1019 (2015), quoting Commonwealth v. Tam Bui, 419 Mass. 392, 400, cert. denied, 516 U.S. 861 (1995). "Determining whether the evidence demonstrates bias . . . falls within the discretion of the trial judge." Commonwealth v. Jones, 478 Mass. 65, 73 (2017), quoting Commonwealth v. LaVelle, 414 Mass. 146, 153 (1993).

On appeal, "[w]e review a judge's evidentiary rulings for an abuse of discretion." Commonwealth v. Andre, 484 Mass. 403, 414 (2020). "We will conclude that there has been an abuse of discretion only if the judge has 'made "a clear error of

---

[1] Ring Doorbell is "one brand of doorbell security camera[s]." United States v. Moore-Bush, 36 F.4th 320, 372 (1st Cir. 2022).

judgment in weighing" the factors relevant to the decision,
. . . such that the decision falls outside the range of
reasonable alternatives.'" Commonwealth v. Hammond, 477 Mass.
499, 505 (2017), quoting L.L. v. Commonwealth, 470 Mass. 169,
185 n.27 (2014).

Here, the judge acted within his discretion in excluding
certain evidence of police bias based on the information
provided to him. See Commonwealth v. Meas, 467 Mass. 434, 450,
cert. denied, 574 U.S. 858 (2014) ("the judge did not abuse his
discretion in precluding inquiry concerning possible bias"). On
cross-examination, defense counsel asked Officer David Phillips
and Lieutenant Mark Giancotti whether they had ever been subject
to disciplinary proceedings. Before either witness could
answer, the judge ruled sua sponte, "That's excluded." After
the judge prevented Lieutenant Giancotti from answering, he
allowed defense counsel to be heard at sidebar.[2] Defense counsel
represented that the witness would testify that "[h]e was
subject to disciplinary actions after a public hearing, and he
was suspended for five days for untruthfulness." The judge
ruled that he was excluding inquiry into Lieutenant Giancotti's
disciplinary record to avoid getting into "what a board may have

---

[2] Neither party requested to be heard at sidebar or made an offer
of proof when the judge prevented Officer Phillips from
testifying.

3

found about him or may not have found" but allowed defense counsel to elicit testimony regarding animosity between the police and the Board of Selectmen (board), of which the defendant was a member at the time of the incident.

At no point during their testimony did defense counsel explain why or how Officer Phillips's and Lieutenant Giancotti's involvement in disciplinary proceedings were connected to the defendant. Cf. Commonwealth v. Drew, 447 Mass. 635, 648 (2006), cert. denied, 550 U.S. 943 (2007) ("Counsel made an offer of proof as to what the witness would say; and he stated his reasons for offering the testimony"). Without an offer of proof, the judge would have no reason to know of any potential bias harbored against the defendant. See Commonwealth v. Cassidy, 470 Mass. 201, 212-213 (2014) (no abuse of discretion in preventing "the defendant from asking Trooper Cherven whether Kelly Croce had told police that somebody named Scotty had warned her that something might happen. There was no proffer that Scotty's statement had anything to do with the victim's death" [footnote omitted]).

Moreover, the judge did not "'bar all inquiry' . . . into the possibility of bias." Commonwealth v. Mora, 82 Mass. App. Ct. 575, 579-580 (2012), quoting Commonwealth v. Avalos, 454 Mass. 1, 7 (2009) (no abuse of discretion in limiting cross-examination where defense counsel was permitted to elicit

4

testimony concerning possible bias).  At trial, Lieutenant Giancotti testified that "[t]here were some issues" between the police and the board, and Officer Michael Marchand testified that there was a fair amount of animosity between the police and the board.  Later, the defendant testified that she was familiar with the police officers in the case and that she was involved in police disciplinary actions while serving on the board.  Throughout trial the defendant testified to animosity between the police and the board.  Given the testimony elicited at trial, "[i]t [was] apparent that the judge was not precluding 'all inquiry' into the question of bias."  Commonwealth v. Ahart, 464 Mass. 437, 441 (2013), quoting Tam Bui, 419 Mass. at 400.  Accordingly, the judge was within his discretion in excluding certain evidence of police bias.  See Commonwealth v. Sealy, 467 Mass. 617, 624-625 (2014), quoting Avalos, 454 Mass. at 8 (no abuse of discretion where "evidence of the victim's motive to lie was 'sufficiently aired'").

2.  Ineffective assistance of counsel.  We review the denial of a motion for a new trial for "a significant error of law or other abuse of discretion."  Commonwealth v. Rodriguez-Nieves, 487 Mass. 171, 176 (2021), quoting Commonwealth v. Vargas, 475 Mass. 338, 355 (2016).  Where, as here, "the motion judge was also the trial judge, [his] rulings are 'afforded special deference.'"  Commonwealth v. Gaudette, 56 Mass. App.

5

Ct. 494, 503 (2002), quoting Commonwealth v. Hung Tan Vo, 427 Mass. 464, 467 (1998).

"Where a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that (1) the 'behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer' and (2) such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Tavares, 491 Mass. 362, 365 (2023), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "If a defendant challenges the 'tactical or strategic decisions,' of trial counsel, he must establish them as 'manifestly unreasonable.'" Commonwealth v. Shanley, 455 Mass. 752, 768 (2010), quoting Commonwealth v. Montanez, 410 Mass. 290, 295 (1991). In assessing whether the defendant was prejudiced, we have held that "a defendant is entitled to a new trial 'if we have a serious doubt whether the result of the trial might have been different had the error not been made.'" Commonwealth v. Millien, 474 Mass. 417, 432 (2016), quoting Commonwealth v. Azar, 435 Mass. 675, 685 (2002), S.C., 444 Mass. 72 (2005).

a. Offer of proof. Defense counsel's failure to make an offer of proof that the defendant was involved in Officer Phillips's and Lieutenant Giancotti's disciplinary proceedings to show that they were biased against the defendant did not

6

constitute ineffective assistance of counsel. See Commonwealth v. Frank, 433 Mass. 185, 194 (2001) (no ineffective assistance of counsel in failing to make an offer of proof where "nothing . . . would lead us to conclude that evidence concerning the defendant's alleged prior blackouts would have made a difference in the outcome"). Concerning Officer Phillips, there was no evidence in the record that he knew what happened at the board's executive session, a closed proceeding that occurred the day before the incident. Although the defendant attests that she told her attorney that she voted to initiate an investigation into Officer Phillips a day before the incident, the "motion judge was not required to credit any claims . . . in the defendant's self-serving affidavit." Commonwealth v. Gilbert, 94 Mass. App. Ct. 168, 178 (2018). See Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015), quoting Commonwealth v. Rzepphiewski, 431 Mass. 48, 55 (2000) (judge may discredit "a defendant's affidavit[] even if nothing in the record directly disputes [it]").

As to Lieutenant Giancotti, trial counsel's conduct in failing to make an offer of proof fell "below that which might be expected from an ordinary fallible lawyer." Commonwealth v. Lavoie, 464 Mass. 83, 89, cert. denied, 569 U.S. 981 (2013), quoting Saferian, 366 Mass. at 96. In his affidavit, appellant counsel attested that the meeting minutes from the board's

public hearing were in the file provided by trial counsel. Given that the defendant expressed at the public board meeting her disappointment in Lieutenant Giancotti and voted to impose the recommended punishment for his misconduct over a suggestion for leniency, which occurred before the incident, there was a specific reason for Lieutenant Giancotti to be biased against the defendant.

Although defense counsel should have made an offer of proof based on the meeting minutes in her file, her failure to do so did not deprive the defendant of a substantial ground of defense. See Commonwealth v. Salinger, 76 Mass. App. Ct. 776, 783 (2010) (defendant was not deprived "of an otherwise substantial ground of defense" where counsel failed to use records available to him). Three other officers responded to the scene before Lieutenant Giancotti and interacted more directly with the defendant. At trial, each of these three officers testified with minor variation that, as the defendant was being handcuffed, she repeatedly said, "I'm a Board of Selectmen member. Wait until Monday, you'll be sorry." Impeaching just Lieutenant Giancotti's credibility would have accomplished little. Accordingly, defense counsel's failure to make an offer of proof did not constitute ineffective assistance of counsel. See Vargas, 475 Mass. at 360 (no ineffective

assistance of counsel where "the evidence he sought to proffer was within the purview of the jury").

b. Additional evidence of police bias. Defense counsel's failure to offer additional evidence of police bias did not constitute ineffective assistance of counsel because the additional evidence of bias was based solely on the defendant's self-serving affidavit. See Commonwealth v. Torres, 469 Mass. 398, 403 (2014) (judge evaluates an "affidavit[] submitted in support of a motion for a new trial . . . in light of factors pertinent to credibility"). A judge is "not required to accept as true the assertions in the defendant's affidavit." Commonwealth v. Leng, 463 Mass. 779, 787 (2012). This is especially true where, as here, there was no extrinsic evidence corroborating the defendant's affidavit and the statements in her affidavit were inconsistent with her trial testimony. See Commonwealth v. Sparks, 433 Mass. 654, 660, 661 (2001) ("trial judge properly denied the defendant's motion for a new trial . . . . [where] her testimony contradicted her affidavit"). The defendant attested that Officer Marchand was implicated in an investigation where the police chief was ultimately terminated by the board for misconduct, and that the board denied Officer Marchand's grievance for overtime pay. No corroboration of this claim was offered. At trial, however, the defendant was asked "what kind of problems [she] had" with the officers, and she

9

testified that "Officer Marchand posted negative things towards [her] on Facebook" following a 2018 board election where he stated that he wanted her and other selectmen removed from office. Accordingly, the motion judge was entitled to disbelieve the defendant's affidavit. See Commonwealth v. Alemany, 488 Mass. 499, 519 (2021).

c. Video footage. "Generally, failure to impeach a witness does not amount to ineffective assistance of counsel." Commonwealth v. Norris, 483 Mass. 681, 687 (2019), quoting Commonwealth v. Fisher, 433 Mass. 340, 357 (2001). "Impeachment of a witness is, by its very nature, fraught with a host of strategic considerations, to which we will . . . show deference." Commonwealth v. Lally, 473 Mass. 693, 709 (2016), quoting Commonwealth v. Hudson, 446 Mass. 709, 715 (2006). Even if counsel fails to impeach a witness, it will not constitute ineffective assistance "absent counsel's failure to pursue some obviously powerful form of impeachment." Commonwealth v. Smith, 456 Mass. 476, 485 (2010), quoting Fisher, supra.

The defendant claims that defense counsel was ineffective in failing to impeach the victim's testimony with video footage from her Ring Doorbell.[3] First, the defendant claims that counsel should have used the video to impeach the victim's

---

[3] We have reviewed the videos.

10

testimony that she left her cell phone at home.  After reviewing the video, it is unclear what the victim is holding in her hand. Even without the video, the victim had already testified that she received a call from her son before she came home, demonstrating that she had her cell phone with her.

Second, the defendant claims that the video depicting her arriving home, which is timestamped 4:39 P.M., would have impeached the victim's testimony that the defendant arrived home at approximately 6 P.M., when "it was dark out."  Although the video shows that it was plainly before sundown when the defendant arrived home, the victim testified that she received a text message from the defendant at 5:49 P.M., and conceded on cross-examination that the defendant must have come home much earlier than that.[4]  Where the victim "had already been sufficiently discredited" as to when the defendant arrived home, there was no need to introduce the videos.  Commonwealth v. Silva, 455 Mass. 503, 528 (2009).

Third, the defendant claims that video depicts that the outside light was never turned on and that this would have impeached the victim's testimony that she told her son to "put the front light on" before she went inside.  The defendant also claims that the video reveals an unexplained twelve-minute time

---

[4] The Commonwealth introduced the text message at trial, which was timestamped 5:49 P.M.

11

gap between when the victim arrived home and when her son arrived home. Whether the front light was turned on is hard to discern from the video, but neither that fact nor the timing between the son's arrival and the victim's arrival were particularly significant facts. Moreover, trial counsel had reason not to use the video, which depicted the defendant, whom the victim testified "[had been] drinking," stumbling up the ramp to her house immediately after driving a vehicle. Introducing the video to show that the light was turned on and that there was a twelve-minute time gap "could have been of only minimal aid to the jury on the . . . issue of impeachment." Commonwealth v. Brown, 451 Mass. 200, 214 (2008).

Finally, all of this assumes that the videos in question were provided to trial counsel. The defendant attested that before trial she informed her attorney that the surveillance videos existed and "sent them to her [attorney] via Dropbox." In contrast, trial counsel attested that she "did not at the time of trial recall any surveillance videos showing [the victim] or her son" but did recall "reviewing surveillance videos that showed police in front of the house." None of the videos presented to the motion judge (or before us) depict footage of police in front of the defendant's home. Moreover, the defendant's version of events that she told trial counsel was different than what she testified to at trial. Under these

circumstances, it was reasonable for the motion judge not to credit the defendant's account of events.  See Commonwealth v. Sanchez, 476 Mass. 725, 742 (2017) ("motion judge weighed the competing affidavits" before crediting trial counsel's account). Accordingly, the judge was within his discretion in denying the defendant's motion for a new trial based on ineffective assistance of counsel.  See Commonwealth v. Hernandez, 481 Mass. 189, 195, cert. denied, 140 S. Ct. 168 (2019) ("motion judge did not abuse his discretion in denying the motion for a new trial").

Judgments affirmed.

Order denying motion for new trial affirmed.

By the Court (Ditkoff, Hand & D'Angelo, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  May 11, 2023.

---

[5] The panelists are listed in order of seniority.