NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-63

COMMONWEALTH

vs.

JUNIAS JEAN-LOUIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court in 2005, the defendant was found guilty of assault with intent to rape, kidnapping, indecent assault and battery on a person over the age of fourteen, assault and battery, threatening to commit a crime, and intimidation of a witness. Prior to sentencing, the trial judge granted the defendant a new trial based on the procedure the judge had required the parties to follow in exercising peremptory challenges to jurors. After the Commonwealth appealed, the order for new trial was reversed. See Commonwealth v. Jean-Louis, 70 Mass. App. Ct. 740 (2007). In 2011, a panel of this court affirmed the defendant's convictions in an unpublished decision. See Commonwealth v. Jean-Louis, 78 Mass. App. Ct. 1119 (2011), cert. denied, 568 U.S. 1174 (2013). Ten years later, after his first motion for

new trial filed by a second appellate attorney was denied in 2013, the defendant, through a third appellate attorney, filed a second motion for new trial, this time alleging (1) that his original appellate counsel (appellate counsel) was ineffective for not pursuing an issue regarding limitations on cross-examination of the victim and (2) that both trial and appellate counsel were ineffective for failing to raise and pursue, respectively, an issue relative to his recorded statement to police.  The motion judge, who was not the trial judge, denied the defendant's motion in a thorough, sixteen-page decision.[1] Concluding that neither counsel was ineffective and discerning no error in the motion judge's denial of the defendant's motion for new trial, we affirm.

Background.  We recite the facts as the jury could have found them, reserving certain details for further discussion. On the night of May 8, 2003, the victim was talking on her cell phone in the lobby of her apartment building.  The defendant entered the lobby with the victim's older brother and another man whom the victim did not know.  Prior to that night, the victim had rejected the defendant's romantic overtures on a couple of occasions.  When the victim walked toward the stairwell to go up to her apartment, the defendant followed her

---

[1] The trial judge had retired by the time this motion for new trial was filed.

2

(the victim's brother and the other man had taken the elevator). When the victim declined the defendant's advances, he became verbally and then physically aggressive toward her. The defendant trapped the victim in the stairwell, where he sexually assaulted and beat her. When the victim attempted to call the police, he threw her cell phone on the ground and threatened to shoot her if she screamed. Eventually, as she struggled against the defendant, the victim began screaming and "slamming the door harder and harder . . . so someone could hear [her]." The defendant ran up the stairs and the victim fled outside. She ran, still screaming, past a Massachusetts Bay Transportation Authority station and a security guard, to a nearby park where she saw police officers.

Police were in the area in response to a 911 call from the security guard, who heard the victim screaming. The officers described the victim as "hysterical" and "really physically shaking." A detective who interviewed her the following morning noted that the victim had a "fat lip" and scratches on both sides of her neck as well as on her arms.

Discussion. The parties disagree as to which standard of review applies in this appeal. The defendant argues that our review of the motion judge's decision is de novo "[b]ecause the motion judge did not preside over the trial or conduct an evidentiary hearing . . . and the only relevant evidence . . .

consisted of affidavits and other documentary evidence."
Commonwealth v. Mazza, 484 Mass. 539, 547 (2020).  See
Commonwealth v. Duguay, 492 Mass. 520, 531 (2023) ("where the
motion judge neither presided over the trial nor conducted an
evidentiary hearing, we are in as good a position as the motion
judge to assess the documentary evidence found within the
record, thus allowing this court to review the judge's decision
de novo").  The Commonwealth counters that we should review the
motion judge's decision for error of law or abuse of discretion.
See Commonwealth v. Gibson, 492 Mass. 559, 567-568 (2023)
(motion judge, who was not trial judge, "did not abuse her
discretion in denying the defendant's motion for a new trial"
after nonevidentiary hearing); Commonwealth v. Fernandes, 492
Mass. 469, 474-475 (2023) ("In analyzing the defendant's motion
for a new trial where the motion judge neither presided at trial
nor held an evidentiary hearing, we examine [his] conclusion
only to determine whether there has been a significant error of
law or other abuse of discretion, although as he did not assess
the credibility of any witnesses, we regard ourselves in as good
a position as the motion judge to assess the trial record"
[quotations and citation omitted]).  We need not resolve the
dispute because the claims fail even under de novo review, the
standard more favorable to the defendant.

"A defendant has a heavy burden to establish ineffective assistance of counsel sufficient to warrant a new trial." Commonwealth v. Lao, 450 Mass. 215, 221 (2007).  The defendant must show not only that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer," but also that the attorney's conduct "likely deprived the defendant of an otherwise available, substantial ground of defen[s]e."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Commonwealth v. Sowell, 34 Mass. App. Ct. 229, 231-232 (1993) (same standard applies for ineffective assistance of both trial and appellate counsel).

1.  Cross-examination of the victim.  At trial, the defendant objected when the judge initially did not allow the defendant to cross-examine the victim about a potential civil lawsuit.  After trial counsel asked him to reconsider, the judge ruled that the defendant was permitted to ask the victim whether she had contacted a law firm and was seeking to file a civil suit against the management company of her apartment building "based on this incident."  The defendant objected to the limitation, but subsequently cross-examined the victim on her potential civil lawsuit and argued to the jury that contemplated money damages gave the victim a motive to lie about the nature and extent of her physical injuries.  The defendant now claims that appellate counsel was ineffective for failing to assert

error in the judge's limitation on cross-examination.  We disagree.

To begin, we are convinced that appellate counsel's failure to raise the cross-examination issue was a strategic decision. The defendant supported his motion for new trial with an affidavit by appellate counsel, signed on November 6, 2020, stating that she "never made any strategic or other decision to forgo pursuing an appellate issue based on the limitations that the trial judge had placed on [the defendant's] ability to cross examine the . . . victim regarding the [civil suit]."  However, the same attorney wrote to the defendant on October 20, 2009, that she was not pursuing the judge's ruling on cross-examination on appeal based on her analysis of the viability of the argument:

> "Although [trial counsel] wasn't allowed to ask every question that he wanted, he was allowed to inform the jury that [the victim] had spoken to a law firm and was considering suing the building management and that the jury should know that she could be biased in her testimony because of this.  So [trial] counsel fully addressed this issue."[2]

---

[2] In her detailed four-page letter, appellate counsel provided the defendant with an "update on all of the different legal issues that we've discussed, and the legal issues that I am going to raise in your brief for the direct appeal."  It included an overview of three issues to be raised on appeal, seven issues that would not be raised, and four issues that could be the basis of a motion for new trial.  Appellate counsel provided analysis for each item on the list, including her assessment of its likelihood of success.

6

This assessment was not manifestly unreasonable.  At trial, the defense focused on relatively minor inconsistencies to suggest that the victim had fabricated or at least greatly exaggerated her interaction with the defendant, that her brother may have physically assaulted her, and that she may have been motivated by some nebulous possibility of suing her apartment's management company.  In contrast, the Commonwealth's case was strong:  the victim was seen running and screaming from her apartment building; she immediately reported the sexual and physical assault to police; she knew and identified her assailant; the victim's physical injuries were consistent with her description of the assault; the defendant made admissions in a recorded interview; and, finally, the victim did not explore any civil remedy until nearly one year after the crime was reported.  It was unlikely that more expansive cross-examination on the victim's potential civil suit would have materially impacted the jury's verdict.  See Commonwealth v. Butler, 464 Mass. 706, 720 n.16 (2013) ("[W]innowing out weak arguments in favor of strong arguments is a virtue of appellate advocacy").

Moreover, although a judge may not foreclose reasonable cross-examination into a witness's bias or prejudice, see Commonwealth v. Magdalenski, 471 Mass. 1019, 1019 (2015), it was within the trial judge's broad discretion to set limits on the scope and extent of questions regarding the victim's potential

7

civil suit.  See Commonwealth v. Martin, 434 Mass. 1016, 1017
(2001).  Here, the trial judge did not bar all inquiry into the
subject of the victim's potential civil action.  Trial counsel
asked the victim if she discussed with attorneys a civil suit
"concerning in some way the allegations that [she] made" and
whether she intended to file one after the trial.  Thus, there
was no legal error on which appellate counsel could have based a
successful appellate argument, and no substantial risk of a
miscarriage of justice.  See Commonwealth v. Acevedo, 446 Mass.
435, 442 (2006) (strategic or tactical decision by counsel not
considered ineffective assistance unless manifestly unreasonable
when made).

     2.  Failure to request jury instruction.  On May 9, 2003,
the day after the assault, the defendant went to the Cambridge
police department "to correct the record" regarding the victim's
allegations against him.  A recorded interview of the
defendant's statement was played at trial, in which the
defendant denied that he "put [his] hand down [the victim's]
pants [and] touched her vagina."  In her closing argument to the
jury, the prosecutor asserted that the defendant's statements
corresponded with the victim's allegation, and he would not have
known those details unless he committed the sexual assault.
Although Miranda warnings were given to the defendant before
police began recording the interview, trial counsel did not

8

request the jury be instructed that "they should weigh evidence of the defendant's alleged statement with great caution and care." Commonwealth v. DiGiambattista, 442 Mass. 423, 448 (2004) (DiGiambattista instruction).

The defendant argues that both trial and appellate counsel were ineffective for failing to pursue issues relating to a DiGiambattista instruction. In his motion for new trial, the defendant asserted, "[t]here is now evidence that, before beginning the recording, the police described the details of the victim's allegations to [the defendant]." However, the only "evidence" he produced was his own and his wife's self-serving affidavits, written more than eighteen years after the events they described. The detective who interviewed the defendant initially testified he was uncertain if the allegations were mentioned at the beginning of the process, but then clarified that the defendant was never told "that the allegation was attempted digital rape." Trial counsel had no recollection that the defendant told him that police had given him details of the crime before they began recording, despite "discussing with [the defendant] everything that was said from the time he began speaking with the police to the time he learned he was being charged." We thus agree with the motion judge that that the affidavits were not credible or sufficient to warrant an evidentiary hearing. See Commonwealth v. Lopez, 426 Mass. 657,

9

663 (1998) (judge ruling on motion for new trial "may discredit untrustworthy affidavits").  See also Commonwealth v. Denis, 442 Mass. 617, 633-634 (2004) (no evidentiary hearing required because defendant's self-serving affidavits not sufficient to raise substantial issue).

Furthermore, we disagree with the defendant's claim that the absence of a DiGiambattista instruction "deprived [him] of a way to counter one of the prosecutor's strongest arguments." The prosecutor's comment on the defendant's statement regarding the details of the assault occupied fifteen lines of a twenty-three page closing argument that primarily focused on the victim's testimony.  Cf. Commonwealth v. Lester, 486 Mass. 239, 249 (2020) (closing argument made no possible difference to jury's conclusions where prosecutor's misstatements comprised thirteen words of thirty-three page closing argument).

We therefore conclude that trial counsel was not ineffective for failing to request a DiGiambattista instruction,

nor was appellate counsel ineffective for failing to raise the issue on appeal.  See Acevedo, 446 Mass. at 442.

Order denying motion for new
  trial affirmed.

By the Court (Shin, Brennan &
  Hodgens, JJ.[3]),

Clerk

Entered:  December 22, 2023.

---

[3] The panelists are listed in order of seniority.